# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MENTOR GROUP, LLC,**

         **Plaintiff,**

-vs-                                            Case No. 6:09-cv-874-Orl-28GJK

**JOHN WU,**

         **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR DEFAULT JUDGMENT AND MEMORANDUM IN SUPPORT OF MOTION (Doc. No. 20)** |
| **FILED:** | March 18, 2010 |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in PART and DENIED in part**.

## I. BACKGROUND

On May 22, 2009, Mentor Group, LLC ("Plaintiff") filed a complaint (the "Complaint") against John Wu (the "Defendant") alleging patent infringement of U.S. Patent Nos., 6,550,832; 6,675,484; and 5,822,866. Doc. No. 1. Plaintiff alleges that Defendant infringed the patents "by making, using, offering to sell, or selling the patented inventions within the United States, including Florida, or by importing the patented inventions into the United States. . ." Doc. No. 1

at p. 2, ¶ 8. Plaintiff maintains that Defendant's actions were "deliberate, willful, malicious, and [in] reckless disregard of the rights of [P]laintiff." *Id.* at ¶ 9. Among other things, Plaintiff requests that Defendant, his agents, officers, assigns and others acting in concert with him be preliminarily and permanently enjoined from making, using, selling or offering to sell within the United States or importing into the Unites States the knives that infringe the patents. *Id.* at p. 4. Plaintiff requests an accounting of Defendant's sales of the patented knives and seeks an award of patent damages to be trebled under 35 U.S.C. §284. *Id.* at 5. Plaintiff also requests that Defendant disclose all persons involved in the manufacture, importation, distribution, sale, and conversion of knives that infringe the patents listed above. *Id.* at 4.

On December 1, 2009, Plaintiff served Defendant with a copy of the Summons and Complaint. Doc. No. 15. Defendant failed to respond to the Complaint, and on February 26, 2010, Plaintiff moved for the entry of Clerk's default and default judgment. Doc. No. 17. On March 1, 2010, Clerk's default was entered against Defendant. Doc. No. 18. On that day, the Court denied the motion to the extent it sought the entry of a default judgment due to Plaintiff's failure to quantify damages with evidentiary support. Doc. No. 19.

On March 18, 2010, Plaintiff filed the present Motion for Default Judgment (the "Motion") pursuant to Rule 55(b), Federal Rules of Civil Procedure. Doc. No. 20. Plaintiff does not seek an award of damages and, therefore, states that an affidavit or evidence of damages should not be required. *Id.* at p. 2. Plaintiff attached a proposed Default Judgment and Order ("Proposed Judgment") to the Motion. Doc. No. 20-1. The Proposed Judgment states that the Defendant infringed Patent Nos. 6,550,832 and 6,675,484 (collectively, the "Patents") and that "Defendant Wu, his agents, officers, assigns, and all others acting in concert with Defendant are

permanently enjoined from making, using, selling, offering to sell within the United States, or importing into the United States, all knives listed on Exhibit 3 to the Complaint by any name or designation and any other knives or things that infringe [the Patents.]" Doc. No. 20-1.[1] The Proposed Judgment orders the Defendant "to disclose to Plaintiff all persons involved with the manufacture, importation, distribution or sale of knives that infringe the [P]atents". *Id.* Based on the foregoing, Plaintiff requests entry of the Proposed Judgment. Doc. No. 20. Defendant has failed to respond to the Motion.[2]

## II. LAW

### A. Default Judgment

When a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default. Fed.R.Civ.P. 55(a). The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Nishimatsu Construction v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[3] A default judgment has the effect of establishing as fact the plaintiff's well-plead allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 39, 361 (11th Cir. 1987) (*citing Nishimatsu*, 515 F.2d at 1206).

Rule 55 (b)(2) addresses the entry of default judgment by the court and states:

---

[1] The Proposed Judgment does not address Patent No. 5,822,866.
[2] The Court notes that the Motion states a copy was mailed to the Defendant at 588 Rue Chase Way, Tucker, GA, 30084. Doc. No. 20 at 2. Although this address is different from the address appearing on the service of process (**5888** Rue Chase Way) (Doc. No. 15), the Plaintiff was not obligated to serve the Motion on the Defendant since he is in default. *See* Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear.").
[3] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the former Fifth Circuit before October 1, 1981.

> In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or an incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when, to enter or effectuate judgment, it needs to:
> A) conduct an accounting;
> B) determine the amount of damages;
> C) establish the truth of any allegation by evidence; or
> D) investigate any other matter.

Fed. R. Civ. P. 55(b)(2) (emphasis added).

### B. Claims for Relief

35 U.S.C. § 271 states:

> (a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.
>
> (b) Whoever actively induces infringement of a patent shall be liable as an infringer.

35 U.S.C. § 271.

### C. Permanent Injunction

A district court may grant preliminary injunctive relief if the moving party shows that: 1) it has a substantial likelihood of success on the merits; 2) irreparable injury will be suffered unless the injunction issues; 3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and 4) if issued, the injunction would not be adverse to the public interest. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004). The standard for a permanent injunction is the same as for a preliminary injunction except that the movant must show "actual success on the merits" instead of a "likelihood of

success." *Id.* (citing *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 546 n.12 (1987)).

## III. ANALYSIS

By failing to answer the Complaint, Defendant is deemed to have admitted that he deliberately and willfully infringed the Patents. However, Plaintiff did not provide any legal authority supporting an order from this Court that the Defendant disclose to Plaintiff all persons involved with the manufacturer, importation, distribution or sale of the patented knives. *See, e.g., Perez v. Bureaus Inv. Group, No. II, LLC*, No. 1:09-cv-20784, 2009 WL 1973476 at *2, n. 2 (S.D. Fla. July 8, 2009).[4] Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 20) be **GRANTED in part** and **DENIED in part**;

2. The Motion should be **GRANTED** except to the extent the Proposed Judgment orders the Defendant "to disclose to Plaintiff all persons involved with the manufacture, importation, distribution or sale of knives that infringe the [P]atents."

3. It is further **ORDERED** that the Clerk of the Court shall serve a copy, by certified mail, of this Report and Recommendation on: John Wu, 5888 Rue Chase Way, Tucker, Georgia, 30084.

---

[4] In *Perez*, the court stated:
> In the future, all parties should thoroughly research and develop their arguments. "The premise of our adversarial system is that ... courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them." *Carducci v. Regan*, 714 F.2d 171, 177 (D.C.Cir.1983). When parties do not fully develop their arguments and support them with citation to legal authority, the burden upon the Court is improperly increased. "[T]he onus is upon the parties to formulate arguments." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir.1995). Generally, a "litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. The court will not do his research for him." *Phillips v. Hillcrest Medical Center*, 244 F.3d 790, 800 (10th Cir.2001) (internal quotation omitted).

*Id.*

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 19, 2010.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party by Certified Mail